NO. 07-10-0366-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL D

 

MARCH 30, 2011

 

______________________________

 

 

DAVID ANASTACIO MARQUEZ, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 64TH DISTRICT COURT OF HALE
COUNTY;

 

NO. A17778-0809; HONORABLE ROBERT W. KINKAID, JR.,
JUDGE

 

_______________________________

 

Before QUINN, C.J. and CAMPBELL and PIRTLE, JJ.

DISSENTING OPINION

            The
majority finds that Appellant's prior plea agreement and plea are evidence of
his financial ability to pay $337.50 of the $637.50 in court-appointed
attorney's fees.  I respectfully
disagree.

            Contracting
to pay a debt and having the actual ability to pay a debt are two entirely different
concepts.  Our jurisprudence is replete
with examples of people who contracted to pay a debt but were unable to fulfill
that obligation.  

            Furthermore,
the determination of an ability to pay must be made at the time of the
assessment.  The ability to pay at some past
or future point in time is no evidence of Appellant's present ability to pay.  Tex. Code Crim. Proc. Ann. art. 26.05(g) (West Supp.
2010).  Because I would reform the
judgment to find no attorney's fees were properly assessable, I respectfully
dissent.

                                                                                     
                                                                      Patrick
A. Pirtle 

       Justice

 

Do not publish.